UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3292 DSF (SSx) | Date | 09/30/08 |
|---|---|---|---|
| Title | RPM Management, Inc., et al. v. U.S. Department of Homeland Security, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) **ORDER DISCHARGING ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

The Court has received and reviewed the parties' responses to the Order to Show Cause.

Although the Ninth Circuit has not addressed specifically whether jurisdiction is appropriate in cases involving 8 U.S.C. § 1184, it has narrowly construed 8 U.S.C. § 1252(a)(2)(B)(ii), holding that it only deprives courts of jurisdiction over "matters of pure discretion rather than discretion guided by legal standards." Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003). Thus, "unless the disputed determination is purely discretionary – unless there are no questions of fact or law at issue – judicial review is not precluded." Oropeza-Wong v. Gonzalez, 406 F.3d 1135, 1142 (9th Cir. 2005).

Even when the statute in question uses discretionary language, the Ninth Circuit has found that judicial review is appropriate. See ANA Int'l, Inc. v. Way, 393 F.3d 886, 894 (9th Cir. 2004). In ANA, the Attorney General had revoked the appellant's visa pursuant to 8 U.S.C. § 1155, which states, in relevant part, that the Attorney General "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition [for an immigrant visa]." Id. at 893. Although the ANA Court recognized that the statute "plainly authorizes some measure of discretion," it nonetheless held that federal jurisdiction was appropriate because "'good and sufficient cause' refers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

to a meaningful standard that the Attorney General may 'deem' applicable or inapplicable in a particular case, but which he does not manufacture anew in every new instance." Id. at 894.

Moreover, even when the decision in question is purely discretionary, but the discretion is derived from regulation rather than from statute, jurisdiction is appropriate. Medina-Morales v. Ashcroft, 371 F.3d 520, 528-29 (9th Cir. 2004) (finding jurisdiction appropriate because "[d]enials of motions to reopen are not acts over which a *statute* gives the Attorney General . . . pure discretion"); see also Fernandez v. Gonzalez, 439 F.3d 592, 602-03 (9th Cir. 2006) (finding a lack of jurisdiction but stating that review would be appropriate when "the agency's denial of a motion to reopen applies a procedural statute, regulation, or rule, as opposed to determining that the movant did not establish a prima facie case").

Although § 1184 uses some discretionary language in both subsections (a) and (c), the Ninth Circuit's narrow reading of § 1252(a)(2)(B)(ii) makes jurisdiction appropriate in this case.

Section 1184(a) grants the Attorney General discretion to promulgate regulations but does not provide for a purely discretionary determination of admission.  Therefore, the authority for CIS decisions related to § 1184 stems from regulations rather than from the statutes specified under § 1252(a)(2)(B)(ii),[1] rendering such decisions subject to judicial review.  In addition, in applying the regulations promulgated under § 1184(a), the CIS is applying a legal standard that is not entirely within its own discretion, also subjecting its decisions to review.

While § 1184(c) uses somewhat more discretionary language, it identifies subchapters (H), (L), (O), and (P)(I) of § 1101(a)(15) as the source of the Attorney General's authority to determine a visa applicant's status.  In this case, H-1B "specialty occupation" visas are addressed by § 1101(a)(15)(H)(i)(b), which, in turn, points to § 1184(i) to establish the objective legal standard by which an applicant's status is to be judged.  The application of this objective legal standard does not qualify as a matter "entirely within the Attorney General's [discretion]."

This Court therefore has jurisdiction to review CIS decisions regarding the status of nonimmigrant visa applicants.  The Order to Show Cause is DISCHARGED.

---

[1] 8 U.S.C. §§ 1151-1378.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

IT IS SO ORDERED.